IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and STORMTECH, INCORPORATED <br><br> Plaintiffs, <br><br> vs. <br><br> CULTEC, INC. and ROBERT J. DITULLIO <br><br> Defendants | Civil Action No. 301CV2188AWT |
| CULTEC, INC. and ROBERT J. DITULLIO <br> Counterclaimants and Third Party Plaintiffs <br><br> v. <br><br> INFILTRATOR SYSTEMS, INC. STORMTECH INCORPORATED <br> Counterclaim Defendants <br> and <br> JAMES M. NICHOLS <br> FABRI-FORM CO., INC. <br> Third Party Defendants | |

**PLAINTIFF'S**

**OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* TO BAR ANY REFERENCE TO INFILTRATOR'S FINANCIAL CONDITION**

**AND**

**OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFFS' MOTION *IN LIMINE* TO BAR ANY REFERENCE TO DEFENDANTS' COMMERCIAL EMBODIMENT.**

Plaintiffs/Defendants-in-Counterclaim Infiltrator Systems, Inc. and Stormtech, Incorporated and Defendant-in-Counterclaim James M. Nichols ("Infiltrator," "Stormtech" and "Nichols," respectively) oppose Cultec's and DiTullio's attempts to rewrite history by seeking reconsideration of this Court's Order allowing Infiltrator's, Stormtech's and Nichols'

- Motion *In Limine* to Bar Any Reference To Infiltrator's Financial Condition (the "First Motion *In Limine*"); and

- Motion *In Limine* To Bar Any Reference to Defendants' Commercial Embodiment (the "Second Motion *In Limine*").

In support thereof, Infiltrator, Stormtech and Nichols rely upon the pleadings filed to date, the contemporaneously filed Declaration of Daniel E. Bruso, Esquire, and state as follows.

Contrary to Cultec's and DiTullio's claims, Cultec and DiTullio were fully aware that Infiltrator, Stormtech and Nichols had filed the First Motion *In Limine* and that this Court did not deny either the First Motion *In Limine* or the Second Motion *In Limine* during the *Markman* Hearing And Hearing On Motions For Preliminary Injunction (the "*Markman*/Preliminary Injunction Hearing"). In addition, granting the Motion for Reconsideration is wholly inappropriate because it would result in the inclusion of irrelevant and inadmissible evidence into this Court's *Markman* analysis. Accordingly, Infiltrator, Stormtech and Nichols respectfully request that this Court deny the instant Motion.

### I.   FACTUAL BACKGROUND

This Court will recall that the technology at issue in this case relates to septic and storm water drainage chambers. These chambers are used to manage the flow of water and effluent through a drainage or leaching field. Infiltrator, Stormtech and Cultec are chamber manufacturers and direct competitors.

Cultec and DiTullio, the purported owner and inventor of United States Patent No. 5,087,151 (the " '151 Patent"), together with several other patents, have been making false and misleading statements regarding the scope of the '151 Patent, as well as DiTullio's other patents, to Infiltrator's and Stormtech's actual and potential customers. In particular, Cultec and DiTullio, acting directly and through agents or employees, particularly including Charles W. Lister and Walter Kusek, falsely claimed that Cultec was the only entity entitled to manufacture or sell chambers with interlocking ribs. Cultec and DiTullio also represented to Infiltrator's and Stormtech's actual and potential customers that Infiltrator and Stormtech infringed the '151 Patent.

Cultec's and DiTullio's false infringement claims create an actual case or controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.* In addition, Cultec's and DiTullio's statements are false and misleading within the meaning of §43(a) of the Lanham Act, 15 U.S.C. §1125(a). They also violate the Connecticut Unfair Trade Practices Act, C.G.S.A. §42-110a *et seq.*, and constitute unfair competition, tortious interference with business relations and commercial defamation.

Stormtech and Infiltrator brought suit on November 26, 2001 against Cultec and DiTullio. Stormtech and Infiltrator seek a declaratory judgment of non-infringement with regard to the '151 Patent and several of the patents held by DiTullio. Stormtech and Infiltrator further seek injunctive and monetary relief attributable to the damages that they suffered and continue to suffer as a result of Cultec's and DiTullio's false and misleading statements, which statements violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended, the laws of the State of Connecticut and the common law.

A.     **THE FIRST MOTION *IN LIMINE*.**

On November 25 – 26, 2003, this Court conducted a consolidated hearing on the parties *Markman* claims construction and on their respective Motions for preliminary injunctions (the "*Markman*/Preliminary Injunction Hearing"). Prior to the hearing, Infiltrator, Stormtech and Nichols came to believe that Cultec and DiTullio would attempt to introduce irrelevant evidence regarding Infiltrator's financial condition. Accordingly, on November 25, 2003, Infiltrator, Stormtech and Nichols filed the First Motion *In Limine* to bar any reference to Infiltrator's financial condition.

Immediately thereafter, the Court set forth the manner in which it would deal with Motions *In Limine*, stating "I can tell you how I usually handle that [Motions *In Limine*]. I let each side give me what they think is relevant to their theory, and I decide what's relevant." *See* Transcript of the *Markman* Hearing And Hearing On Motions For Preliminary Injunction annexed as "Exhibit A" to the Bruso Decl., p. 7, l. 5 – p. 8, l. 5.

Immediately after the Court identified the means by which it would deal with evidence during the *Markman*/Preliminary Injunction Hearing, Infiltrator's, Stormtech's and Nichols' counsel stated "I'd like to place the motion in limine." The Court responded "You may. You want to submit it to the courtroom deputy or have you filed it." Counsel answered the Court's question by indicated that he had not yet filed the motion. Immediately thereafter, and while the parties and their counsel were in the Courtroom, Infiltrator's, Stormtech's and Nichols' counsel handed the courtroom deputy the First Motion *In Limine*. Bruso Decl., ¶4. The Court did not rule upon the First Motion *In Limine*.

B.     **THE SECOND MOTION *IN LIMINE*.**

On the first day of the *Markman*/Preliminary Injunction Hearing, Cultec and DiTullio brought several large chambers that DiTullio claimed were the commercial embodiment of the chamber described in the '151 Patent into the Courtroom. It appeared that Cultec and DiTullio intended to use the chambers in support of their spurious claim that Infiltrator, Stormtech and Nichols are infringing the '151 Patent. Accordingly, on November 26, 2003, Infiltrator, Stormtech and Nichols filed the Motion *In Limine* in order "to bar any argument or evidence referring to the commercial embodiment of United States Patent No. 5,087,151 (the " '151 Patent") for purposes of the infringement analysis conducted as part of the ongoing *Markman*/Preliminary Injunction hearing." *See* Second Motion *In Limine*, p. 1.

Cultec and DiTullio agreed with Infiltrator, Stormtech and Nichols that the chambers could not be used to conduct an infringement analysis. Bruso Decl., Exhibit A., p. 145, ll 24 – 25. Instead, Cultec and DiTullio attempted to claim that the chambers were relevant to the preliminary injunction analysis. *Id.* at p. 145, l. 24 – p. 146, l. 10. The Court noted that the chambers could be considered "for what they're worth", at which point Infiltrator's, Stormtech's and Nichols' counsel stated that

> Your Honor, I don't object to them being shown, but again, specifically with respect to any argument that those chambers embody the patent, that's improper argument to be made and I just want to be clear that that argument should not be considered.

Bruso Decl., Exhibit A, p. 146, ll. 14 – 18.

The Court did not rule upon the Second Motion *In Limine*; rather, it stated "Okay. Ready to continue?" *Id.* at p. 146, l. 19.

Cultec and DiTullio took no further steps to oppose either of the Motions *In Limine*. Instead, they waited until after the Court had ruled upon the Motions before objecting to them.

Moreover, the only bases for the requested reconsideration are Cultec's and DiTullio's rather incredible claim that (1) they were unaware that the First Motion *In Limine* had been filed, even though they were in the Courtroom when counsel handed the First Motion *In Limine* to the Courtroom Deputy; (2) the Court's docket clearly provides that the First Motion *In Limine* and its supporting memorandum were both filed on November 25, 2002; and (3) they believed that both Motions *In Limine* had been denied, even though the transcript of the *Markman*/Preliminary Injunction Hearing are utterly devoid of any references that would support this conclusion. Accordingly, Infiltrator, Stormtech and Nichols respectfully suggest that both of Cultec's and DiTullio's Motions should be denied.

## II.    ARGUMENT

Cultec's Motions are both predicated upon the mistaken belief that this Court denied the First and Second Motions *In Limine* during the *Markman*/Preliminary Injunction Hearing. This inaccurate claim is based upon an impermissible parsing of the transcript that totally ignores the actual text.

Both of this Court's Orders are solidly grounded in controlling precedent. Accordingly, there is no basis for reconsidering either Motion *In Limine*.

### A.    CULTEC AND DITULLIO WERE WELL AWARE THAT INFILTRTOR, STORMTECH AND NICHOLS HAD FILED THE FIRST MOTION *IN LIMINE*.

Cultec's and Infiltrator's claim that they were unaware that the First Motion *In Limine* had been filed borders on the absurd for at least two reasons. First, Cultec's and DiTullio's counsel, as well as DiTullio himself, were in the Courtroom when Infiltrator, Stormtech and Nichols filed the First Motion *In Limine*. Bruso Decl., ¶4. Second, this Court's docket, annexed

to the Bruso Decl. as "Exhibit B", clearly indicates that the First Motion *In Limine* had been filed. *See* Bruso Decl., Exhibit B, Docket entries 113 and 115.

Second, even if this Court accepts Cultec's and DiTullio's claims that they were unaware that Infiltrator, Stormtech and Nichols were filing a Motion when their counsel handed the pleading to the Courtroom Deputy, their interpretation of these events does not support reconsidering the Motion. In particular, Local Rule 7(c), provides that "[m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." It is difficult to perceive how failing to notice the filing of a motion in open court during a hearing in which all parties were present falls within the scope of Local Rule 7(c); accordingly, this Court should reject Cultec's and DiTullio's claims by denying their Motion for Reconsideration of the First Motion *In Limine*.

**B.     THIS COURT DID NOT RULE UPON EITHER THE FIRST OR THE SECOND MOTION *IN LIMINE* DURING THE *MARKMAN*/PRELIMINARY INJUNCTION HEARING.**

Cultec's and DiTullio's claim that this Court denied both Motions *In Limine* during the Markman/Preliminary Injunction Hearing is based upon a tortured parsing of the transcript that, even in its parsed form, simply doesn't support their request. Quite simply, this Court did not rule upon either Motion *In Limine*. Instead, as set forth more fully above, the Court notified both parties of the manner in which it would deal with Motions *In Limine* on the first day of the *Markman*/Preliminary Injunction Hearing, when it stated "I can tell you how I usually handle that [Motions *In Limine*]. I let each side give me what they think is relevant to their theory, and I decide what's relevant." Bruso Decl., Exhibit A, p. 7, l. 5 – p. 8, l. 5.

The language that Cultec and DiTullio are relying upon to support their claim simply does not support a claim that the Court had denied the Motions *In Limine*. Indeed, the most that can be said of this language is that the Court did not allow either Motion or otherwise address it during the *Markman*/Preliminary Injunction Hearing.

Cultec and DiTullio could have easily resolved any confusion regarding the status of either Motion *In Limine* by checking the Court's docket. Had they done so, they would have noted that (1) the First Motion *In Limine* and its supporting memorandum were filed on November 25, 2003; (2) the Second Motion *In Limine* and its supporting memorandum were filed on November 26, 2003; and, perhaps most important, (3) this Court had not ruled upon either Motion. Bruso Decl., Exhibit B.

Regardless, the fact remains that DiTullio's and Cultec's confusion regarding the status of the Motion is not sufficient basis for reconsidering either Motion *In Limine*. *See* Local Rule 7(c). Neither Motion points out the matters or controlling precedent that this Court overlooked; rather, they rely upon Cultec's and DiTullio's easily corrected confusion regarding the status of the Motions. Insofar as this is not a sufficient basis for reconsidering either Motion *In Limine*, this Court should deny both Motions for Reconsideration.

C.   **NO OTHER BASIS EXISTS FOR RECONSIDERING EITHER MOTION IN LIMINE.**

Cultec and DiTullio fail to identify any basis for reconsidering either Motion. In particular, they cannot point to a single matter or controlling case that this Court overlooked. Quite simply, this is because none exist.

With regard to the First Motion *In Limine*, this Court correctly found that Infiltrator's past financial condition had nothing to do with the issues pending before the Court. *See* First Motion *In Limine*; *see also Markman v. Westview Instruments, Inc.*, 52 F3d 967, 976, (Fed. Cir. 1995),

*aff'd*, 116 S. Ct. 1384 (only relevant issues in infringement analysis are: (1) the proper construction of the asserted claim and (2) a determination as to whether the accused product infringes each and every element of the asserted claim as properly constructed); *Hilton Davis Chemical Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1519 (Fed. Cir. 1995) (intent is not relevant to infringement analysis).

Infiltrator's financial condition is not probative of any issues pending before this Court. Accordingly, this Court acted properly by excluding any reference to it. *See* Fed. R. Evid. 403 ("evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues . . . or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). Accordingly, this Court acted properly when it excluded the irrelevant evidence by allowing the First Motion *In Limine.*

With regard to the Second Motion *In Limine*, there is no question that the Court acted properly. The Federal Circuit recognizes that analyzing infringement issues by relying upon the commercial embodiment of a patent, rather than the patent itself, is error. *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423, (Fed.Cir.1994). In particular, the *Zenith* Court held that "it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; **the only proper comparison is with the claims of the patent.**" *See Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed.Cir.1994) (emphasis supplied); *see also Glaxo Group Ltd. v. TorPharm, Inc.,* 153 F.3d 1366, 1374 (Fed. Cir. 1998) ("the trial court impermissibly permitted the patentee to compare the accused device to a commercial embodiment of the invention"); *see also Sun Hill Indus., Inc. v. Easter Unlimited, Inc.,* 48 F.3d 1193, 1196 (Fed. Cir. 1995) ("It is legal error to base an infringement finding on features of the commercial

embodiment not claimed in the patent."); *see also Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 870 (Fed. Cir. 1985) ("As a threshold matter, the district court compared PC504 with Loctite's commercial embodiment, and that is error. The comparison of PC504 must be with the claimed invention.").

Cultec and DiTullio accepted Infiltrator's, Stormtech's and Nichols' interpretation of the law of infringment during the *Markman*/Preliminary Injunction Hearing. In particular, after Infiltrator, Stormtech and Nichols presented the reasons why the commercial embodiment of the '151 Patent should be excluded from the infringement analysis, Cultec's and DiTullio's counsel stated that counsel was correct, then identified other areas unrelated to the infringement analysis for which the commercial embodiments would supposedly be useful. Bruso Decl., Exhibit A., p. 145, l. 24 – p. 146, l. 10.

Cultec and DiTullio ignore the fact that the Second Motion *In Limine* was specifically directed to excluding the commercial embodiments of the '151 Patent from the infringement analysis. As set forth more fully above, excluding this evidence is entirely appropriate under the controlling precedent of the Federal Circuit.

Cultec and DiTullio fail to identify any matters or controlling precedent that this Court overlooked. Accordingly, this Court should deny the Motion for Reconsideration.

### III.  CONCLUSION

Neither of Cultec's and DiTullio's Motions for Reconsideration set forth any cognizable reasons why this Court should reconsider its prior rulings. In particular, Cultec's and DiTullio's confusion regarding the status of the First and Second Motions *In Limine* does not justify reversing Orders that are based upon sound interpretations of controlling precedent.

In addition, this Court should reject any suggestion that the Motions were ruled upon during the *Markman*/Preliminary Injunction hearing whereas this claim is not supported by the transcript of the hearing or the docket entries.

Accordingly, this Court should deny both Motions for Reconsideration and grant such other relief as this Court deems just and appropriate.

<table>
<tr><td>Dated: 10/28/03</td><td>THE PLAINTIFF/DEFENDANTS IN COUNTERCLAIM/THIRD PARTY DEFENDANT<br>STORMTECH INCORPORATED<br>INFILTRATOR SYSTEMS, INC.<br>JAMES M. NICHOLS<br><br>By: _____<br>Michael A. Cantor, Esq. (ct05524)<br>Michael J. Rye, Esq. (ct18354)<br>Daniel E. Bruso, Esq. (ct18666)<br>CANTOR COLBURN, LLP<br>55 Griffin Road South<br>Bloomfield, CT 06002<br>(860) 286-2929 (Telephone)<br>(860) 286-0115 (Telecopier)</td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Daniel J. Bruso, Esquire, attorney for Plaintiffs, Counterclaim Defendants, and Third Party Defendants in the above-captioned matter, hereby certify that, on the 28th day of October, 2003, I served a true and accurate copy of the foregoing document via facsimile and U.S. mail, postage prepaid, upon:

Stephen P. McNamara, Esq.
St.Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford Connecticut 06905-5619

_____
Daniel E. Bruso