**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -1  A 9: 44

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and ) <br> STORMTECH, INCORPORATED ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CULTEC, INC. and ) <br> ROBERT J. DITULLIO ) <br> ) <br> Defendants ) | Civil Action No. 301CV2188AWT |
| CULTEC, INC. and ) <br> ROBERT J. DITULLIO ) <br> Counterclaimants and ) <br> Third Party Plaintiffs ) <br> ) <br> v. ) <br> ) <br> INFILTRATOR SYSTEMS, INC. ) <br> STORMTECH INCORPORATED ) <br> Counterclaim Defendants ) <br> and ) <br> JAMES M. NICHOLS ) <br> FABRI-FORM CO., INC. ) <br> Third Party Defendants ) | |

## MOTION FOR LEAVE TO FILE SECOND SUPPLEMTAL POST HEARING MEMORANDUM OF LAW

Plaintiffs Infiltrator Systems, Inc. and Stormtech, Incorporated ("Infiltrator" and "Stormtech") and Third-Party Defendant James M. Nichols ("Nichols") move this Court for leave to file a Second Supplemental Post Hearing Memorandum Of Law to present certain evidence obtained during the October 29, 2003 deposition of Robert H. Ware, Esquire. In particular, Infiltrator, Stormtech and Nichols seek to present evidence that DiTullio's and

1

Cultec's advice of counsel defense, raised in response to Infiltrator's, Stormtech's and Nichols' claim that Cultec's and DiTulllio's false and misleading statements regarding DiTullio's patents and Infiltrator's and Stormtech's infringement thereof were made in bad faith, is fatally flawed because Attorney Ware made no effort to compare the claims of the patents to the accused devices or otherwise determine whether Infiltrator and Stormtech were actually infringing any of DiTullio's patents.

In support thereof, Infiltrator, Stormtech and Nichols rely upon the pleadings filed to date and state as follows:

1. This Court will recall that Infiltrator, Stormtech and Nichols have claimed that Cultec and DiTullio are liable to them for violating Section 43(a) of the Lanham Act, 11 U.S.C. § 1125(a), by making false and misleading statements regarding the scope of DiTullio's patents and by falsely representing to Infiltrator's and Stormtech's actual and potential customers that Infiltrator and Stormtech are infringing the aforementioned patents.

2. In particular, Cultec and DiTullio, acting directly and through agents, sent so-called "Take Notice Letters" and issued an "Important News Bulletin" containing the false and misleading statements to Infiltrator's and Stormtech's actual and potential customers.

3. This Court will further recall that, during the November 25 – 26, 2002, hearing on the parties' respective Motions for Preliminary Injunction and their *Markman* claims construction, DiTullio and Cultec invoked the advice of counsel defense in response

to Infiltrator's and Stormtech's claim that the aforementioned false and misleading statements were made in bad faith.

4. In particular, Cultec and DiTullio claimed that they consulted with Robert H. Ware, Esq. prior to sending the Take Notice Letters or the Important News Bulletin.

5. Finally, this Court will recall that (1) after the November 25 – 26, 2002, hearing, Infiltrator and Stormtech noticed the deposition of Attorney Ware in order to discover the advice that he had provided to Cultec and DiTullio and the basis therefore; (2) Cultec and DiTullio refused to produce Attorney Ware; (3) on or about February 27, 2003, Infiltrator and Stormtech moved to compel Attorney Ware's deposition; and (4), on or about September 30, 2003, this Court allowed the Motion to Compel.

6. The purpose of the instant Motion is to seek leave to present this Court with evidence that Cultec's and DiTullio's advice of counsel defense is fatally flawed because:

   a. Attorney Ware did not compare the claims of the patents-in-suit patents to the accused devices prior to advising Cultec and DiTullio;

   b. Attorney Ware did not investigate the basis for Cultec's and DiTullio's claims regarding the scope of the patents-in-suit prior to advising Cultec and DiTullio; and

   c. Attorney Ware did not investigate the basis for Cultec's and DiTullio's claims that Infiltrator and Stormtech are infringing the patents-in-suit prior to advising Cultec and DiTullio.

7. Infiltrator and Stormtech respectfully suggest that Attorney Ware's cursory advice, which was primarily directed towards grammatical errors and insignificant stylistic

3

changes, cannot form the basis for an advice of counsel defense. *Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 487 (3rd Cir. 1995) ("The party opposing the defense of reliance on advice of counsel must be able to test what information had been conveyed by the client to counsel and vice-versa regarding that advice – whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client").

8. Infiltrator and Stormtech aver that this information is critically relevant to Infiltrator's and Stormtech's claim that Cultec and DiTullio acted in bad faith.

9. Moreover, by waiting until the November 25 – 26, 2003 hearing to invoke the defense, Cultec and DiTullio created a situation in which they were able to make unsupported allegations while denying Infiltrator, Stormtech and Nichols the opportunity to respond with evidence that Attorney Ware's purported advice cannot rebut claims that Cultec and DiTullio acted in bad faith. As set forth more fully above, this evidence was not available until October 29, 2003 because Cultec and DiTullio refused to produce Attorney Ware or the documents relating to his advice until this Court compelled them to do so.

10. Finally, allowing Stormtech and Infiltrator to present the evidence will allow this Court to fully consider the implications of Cultec's and DiTullio's false and misleading statements prior to ruling upon the pending motions.

11. Stormtech and Infiltrator aver that no party will be prejudiced if they are allowed to file a Second Supplemental Post Hearing Memorandum because they are merely

4

addressing and correcting issues created by Cultec's and DiTullio's conduct during this case.

12. Infiltrator and Stormtech seek ten (10) days after allowance of the instant Motion to file their Second Supplemental Post Hearing Memorandum.

WHEREFORE, Stormtech, Infiltrator and Nichols respectfully request that this Court allow the within Motion on its terms and grant such other relief as it deems just and appropriate.

RESPECTFULLY SUBMITTED,
STORMTECH INCORPORATED,
INFILTRATOR SYSTEMS, INC. and
JAMES M. NICHOLS

Dated: November 26, 2003     By: _____
Michael A. Cantor, Esq. (ct05524)
Michael J. Rye, Esq. (ct18354)
Daniel E. Bruso, Esq. (ct18666)
CANTOR COLBURN, LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Telecopier)

## CERTIFICATE OF SERVICE

    I, Daniel E. Bruso, Esquire, attorney for Plaintiffs, Counterclaim Defendants, and Third Party Defendant in the above-captioned matter, hereby certify that, on the 26th day of November, 2003, I served a true and accurate copy of the foregoing document via First Class Mail, Postage Prepaid, upon:

Stephen P. McNamara, Esq.
St. Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford Connecticut 06905-5619

                                                  Daniel E. Bruso