IN THE UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 APR -7 P 12:47

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and STORMTECH, INCORPORATED<br><br>Plaintiffs,<br><br>vs.<br><br>CULTEC, INC. and ROBERT J. DITULLIO<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 301CV2188AWT<br>)<br>)<br>)<br>)<br>)<br>) |
| CULTEC, INC. and ROBERT J. DITULLIO<br>Counterclaimants and Third Party Plaintiffs<br><br>v.<br><br>INFILTRATOR SYSTEMS, INC. STORMTECH INCORPORATED<br>Counterclaim Defendants<br>and<br>JAMES M. NICHOLS<br>FABRI-FORM CO., INC.<br>Third Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO FILE
## PROPOSED FINDINGS OF FACT
## AND
## CONCLUSIONS OF LAW

Plaintiffs Infiltrator Systems, Inc. and Stormtech, Incorporated ("Infiltrator" and "Stormtech") and Third-Party Defendant James M. Nichols ("Nichols") move this Court for leave to file proposed Findings of Fact and Conclusions of Law addressing the issues presented during and after the November 25 – 26, 2002 hearing on the parties respective Motions for

1

Preliminary Injunction and their *Markman* claims construction briefs. In support thereof, Infiltrator, Stormtech and Nichols rely upon the pleadings filed to date and state as follows:

1. This Court will recall that Infiltrator, Stormtech and Nichols have claimed that Cultec and DiTullio are liable to them for violating Section 43(a) of the Lanham Act, 11 U.S.C. § 1125(a), by making false and misleading statements regarding the scope of several patents issued to DiTullio and by falsely representing to Infiltrator's and Stormtech's actual and potential customers that Infiltrator and Stormtech are infringing the aforementioned patents.

2. In addition, Infiltrator, Stormtech and Nichols seek declaratory judgments on non-infringement with regard to United States Patent No. 5,087,151 (the " '151 Patent") and monetary damages based upon Cultec's and DiTullio's Tortious Interference with Business Relations, Unfair Competition, Violations of the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110a *et seq.* and Commercial Defamation.

3. All parties have filed Motions for Preliminary Injunction, which Motions are pending before the Court.

4. Infiltrator's and Stormtech's Motion for Preliminary Injunction seeks an Order enjoining Cultec and DiTullio, together with their officers, agents, servants, employees, and attorneys, together with those persons in active concert or participation with them who receive actual notice of this Court's Order by personal service or otherwise, from:

    a. Representing to Infiltrator's or Stormtech's actual or potential customers that Infiltrator or Stormtech are infringing any of Cultec's or DiTullio's patents;

2

10. "Federal Rule of Civil Procedure 52(a) requires that a trial court state its findings and conclusions explicitly when granting or denying a preliminary injunction." *Fair Housing In Huntington Committee Inc. v. Town of Huntington*, 316 F.3d 357, 363 (2d Cir. 2003).

11. "The practice of inviting counsel to submit proposed findings of fact and conclusions of law is well established as a valuable aid to decision making." *In The Matter of Las Colinas, Inc.*, 426 F.2d 1005, 1008 (1970). Moreover, "[c]ounsel are certainly entitled to file proposed findings of fact on their own initiative and we see nothing whatever in any way irregular for a cour to ask them to do so, particularly in a highly technical and complicated case like the present. Nor is there any reason why counsel should not case their requests in a form which if approved could be adopted by the court as its findings." *Nyyssonen v. Bendix Corp.*, 342 F.2d 531, 532 (1965), *cert. denied* 382 U.S. 847, *rehearing denied* 382 U.S. 934, *motion denied* 356 F.2d 193, *cert. denied* 385 U.S. 846 (*citing Hazeltine Research, Inc., v. Admiral Corp.*, 183 F.2d 953 (7th Cir. 1950), *cert. denied*, 340 U.S. 896) (trial court considering whether patent validity and infringement issues acted properly in asking counsel to submit proposed findings of fact and conclusions of law and in adopting the proposed findings and conclusions after considering the record of proceedings before it).

12. Stormtech, Infiltrator and Nichols aver that the proposed Findings of Fact and Conclusions of Law will allow the entities who are most familiar with the complex, technical issues in this case to present their positions in a form that will assist the

4

WHEREFORE, Stormtech, Infiltrator and Nichols respectfully request that this Court allow the within Motion on its terms and grant such other relief as it deems just and appropriate.

                                                                                     RESPECTFULLY SUBMITTED,
                                                                                     STORMTECH INCORPORATED,
                                                                                     INFILTRATOR SYSTEMS, INC. and
                                                                                     JAMES M. NICHOLS

Dated: April 7, 2004                                                   By: _____
                                                                                     Michael A. Cantor, Esq. (ct05524)
                                                                                     Michael J. Rye, Esq. (ct18354)
                                                                                     Daniel E. Bruso, Esq. (ct18666)
                                                                                     CANTOR COLBURN, LLP
                                                                                     55 Griffin Road South
                                                                                     Bloomfield, CT 06002
                                                                                     (860) 286-2929 (Telephone)
                                                                                     (860) 286-0115 (Telecopier)

6

## CERTIFICATE OF SERVICE

I, Daniel E. Bruso, Esquire, attorney for Plaintiffs, Counterclaim Defendants, and Third Party Defendant in the above-captioned matter, hereby certify that, on the 7th day of April, 2004, I served a true and accurate copy of the foregoing document via First Class Mail, Postage Prepaid, upon:

Stephen P. McNamara, Esq.
St. Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford Connecticut 06905-5619

Daniel E. Bruso