IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and STORMTECH, INCORPORATED )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CULTEC, INC. and )<br>ROBERT J. DITULLIO )<br>)<br>Defendants. )<br>) | Civil Action No. 301CV2188AWT<br><br>December 31, 2004 |

### DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants/Counterclaimants Cultec, Inc. and Robert J. DiTullio (collectively "Defendants") hereby object to and move to strike the oppose "Plaintiff's and Third Party Defendant's Proposed Findings of Fact" and "Plaintiff's Proposed Conclusions of Law" [Docket Nos. 175] filed December 23, 2004.

Plaintiffs have previously asked Defendants whether Defendants would agree to such a filing, and Defendants did not agree. As a consequence, Plaintiffs filed a "Motion For Leave To File Proposed Findings Of Fact and Conclusions of Law" [Docket No. 172]. Defendants opposed that motion [Docket No. 173] and Plaintiff filed their Reply [Docket No. 174]. Plaintiffs' motion for leave to file their proposed findings of fact and conclusion has *not* been granted. Nevertheless, Plaintiffs have proceeded with filing of voluminous additional papers without permission from the Court.

Plaintiffs' Proposed Findings of Fact and Conclusions of Law relates to the injunction hearing held November 25-26, 2002. Plaintiffs' filing of proposed findings and conclusions in connection with the pending motion for preliminary injunction adds another 63 pages of briefing and argument to a motion that is already overburdened with repetitive filings by Plaintiffs. In particular, already of record are:

(1) Briefing and declarations regarding Defendant's Motion for Preliminary Injunction to enjoin Plaintiffs' infringement of Defendant's patent [Docket Nos. 14, 15, 16, 26, 38, 47, 49, 50, 51, 53, 71, 76, 80, 83, 125, 128];

(2) Markman Claim Interpretation Briefs and declarations regarding the issues of interpretation of Defendant's patent [Docket Nos 93, 94, 96, 97, 101, 102];

(3) Briefing and declarations regarding Plaintiffs' motion for preliminary injunction regarding alleged unfair competition. [Docket Nos. 18, 19, 20, 21, 25, 39, 65, 66 ];

(4) Post-Hearing Memoranda, and numerous Supplemental Post-Hearing Memoranda [Docket Nos. 134, 142, 143, 147, 156, 157, 158]. The Post-Hearing Memoranda included both factual and legal statements of the case.

Much of the above filings were additional submission by Plaintiffs and which were permitted after specific request of Plaintiffs; see e.g. the various request and motions for leave to file post-hearing memoranda [Docket Nos. 78, 127, 134, 154, and most recently 172].

There has been more than sufficient briefing in this case already. Permitting additional filings at this time will only delay matters because now Defendant should in turn be permitted to file its objections to Plaintiff's proposed findings and conclusions and to file its own proposed

findings and conclusions; moreover, a schedule for such filings must be agreed to or fixed by court order. All of these additional filings will only serve to delay decision on the injunction issues that are have already been pending for nearly three years. (Defendants' Motion For Preliminary Injunction [see Docket No. 14-16] was filed February 6, 2002). Neither the court nor Plaintiffs desired to file Proposed Findings of Fact and Law two years ago when the preliminary injunction hearing was held [see Docket No. 116]. There is no point and no value in allowing additional submissions at this late date.

Therefore, Defendants object to and request that the Court strike the Plaintiff's and Third Party defendant's Proposed Findings of Fact and Plaintiff's Proposed Findings Conclusions of Law as cumulative, unnecessary and untimely

If the Court does permit Plaintiffs to make their proposed findings of fact and conclusions of law of record in this case, Defendants request that they be granted leave to also file their own proposed findings of fact and conclusions of law along with objections to the Plaintiff's filing.

Respectfully submitted,

*(signature)*

Stephen P. McNamara, (ct 01220)
Steven Simonis (ct 22777)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Fax (203) 327-1096

Attorneys for Defendants
CULTEC, INC. and
ROBERT J. DITULLIO

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing

DEFENDANTS' OBJECTION TO AND MOTION TO STRIKE
PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

are being served, by First Class Mail, postage prepaid, on the date indicated below, on the following counsel for Plaintiffs, by depositing the same with the U.S. Postal Service, in envelopes addressed to:

Michael Rye
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002


Date: December 31, 2004                    _____
                                           Carrie A. Csizmadia