IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and STORMTECH, INCORPORATED<br><br>Plaintiffs,<br><br>vs.<br><br>CULTEC, INC. and ROBERT J. DITULLIO<br><br>Defendants | Civil Action No. 301CV2188AWT |
| CULTEC, INC. and ROBERT J. DITULLIO<br>    Counterclaimants and Third Party Plaintiffs<br><br>v.<br><br>INFILTRATOR SYSTEMS, INC.<br>STORMTECH INCORPORATED<br>    Counterclaim Defendants<br>and<br>JAMES M. NICHOLS<br>FABRI-FORM CO., INC.<br>    Third Party Defendants | |

**INFILTRATOR SYSTEMS, INC.'S AND STORMTECH, INCORPORATED'S AND JAMES M. NICHOL'S OPPOSITION TO CULTEC, INC.'S AND ROBERT J. DITULLIO'S OBJECTION AND MOTION TO STRIKE PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiffs Infiltrator Systems, Inc. and Stormtech, Incorporated ("Infiltrator" and "Stormtech") and Third-Party Defendant James M. Nichols ("Nichols") submit their opposition to Defendant Robert J. DiTullio's and Cultec, Inc.'s ("DiTullio" and "Cultec", respectively) Objection and Motion to Strike Plaintiffs' Proposed Findings of Fact and Conclusions of Law (the "Motion").

Infiltrator, Stormtech and Nichols filed their Proposed Findings of Fact and Conclusions of Law in order to assist this Court in framing the issues presented in this case. More particularly, Infiltrator, Stormtech and Nichols have attempted to summarize the voluminous pleadings and memoranda into a concise set of factual findings and legal conclusions in order to aid this Court in complying with Fed. R. Civ. P. 52(a).

Cultec's and DiTullio's Motion provides no cognizable basis for striking the Plaintiffs' Proposed Findings of Fact and Conclusions of Law. Instead, Cultec and DiTullio rely upon the pendency of Infiltrator's, Stormtech's and Nichols Motion for Leave to File Proposed Findings of Fact and Conclusions of Law and their inaccurate claim that allowing the parties to file proposed findings and conclusions will somehow delay disposition of this case. Neither of these reasons is sufficient justification

## I.    FACTS

This Court will recall that Infiltrator, Stormtech and Nichols claimed that Cultec and DiTullio are liable to them for violating Section 43(a) of the Lanham Act, 11 U.S.C. § 1125(a), by making false and misleading statements regarding the scope of several patents issued to DiTullio and by falsely representing to Infiltrator's and Stormtech's actual and potential customers that Infiltrator and Stormtech are infringing the aforementioned patents. In addition, Infiltrator, Stormtech and Nichols seek declaratory judgments of non-infringement with regard to United States Patent No. 5,087,151 (the " '151 Patent") and monetary damages based upon Cultec's and DiTullio's Tortious Interference with Business Relations, Unfair Competition, Violations of the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110a et seq. and Commercial Defamation.

Currently pending before this Court are the parties' respective Motions for Preliminary Injunction. In addition, both parties have submitted their proposed *Markman* claims construction briefs and, on November 25 – 26, 2002, participated in a hearing on the pending Motions for Preliminary Injunction and their proposed *Markman* claims construction.

After the November 25 – 26, 2002 hearing, the parties filed several Post-Hearing Memoranda and Motions.

On or about April 7, 2004, Infiltrator, Stormtech and Nichols moved for leave to file their Proposed Findings of Fact and Conclusions of Law (the "Motion for Leave"). Cultec and DiTullio opposed this Motion, which remains pending before the Court. On or about December 23, 2004, Infiltrator, Stormtech and Nichols filed their Proposed Findings of Fact and Conclusions of Law.

## II.  ARGUMENT

Cultec and DiTullio have not provided a single reason why this Court to strike Infiltrator's, Stormtech's and Nichols' Proposed Findings of Fact and Conclusions of Law. Infiltrator's, Stormtech's and Nichols' pleadings fully comply with the Federal Rules of Civil Procedure, will assist the Court in complying with Fed. R. Civ. P. 52(a) and will streamline the issues in this case. Accordingly, this Court should deny the Motion.

**A.  Infiltrator, Stormtech and Nichols Properly Filed Their Proposed Findings Of Fact And Conclusions of Law.**

Cultec and DiTullio do not dispute that this Court is required to issue findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a), which provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon…." Fed. R. Civ. P. 52(a). "Federal Rule of Civil Procedure 52(a) requires that a trial court state its findings and conclusions explicitly when

granting or denying a preliminary injunction." *Fair Housing In Huntington Committee Inc. v. Town of Huntington*, 316 F.3d 357, 363 (2d Cir. 2003).

The fact that Infiltrator, Stormtech and Nichols filed their Proposed Findings of Fact and Conclusions of Law before this Court ruled upon their Motion for Leave does not justify striking them because leave of Court is not required in order for counsel to file proposed findings and conclusions.[1] Indeed, the First Circuit has long recognized that "[c]ounsel are certainly entitled to file proposed findings of fact on their own initiative and we see nothing whatever in any way irregular for a court to ask them to do so, particularly in a highly technical and complicated case like the present. Nor is there any reason why counsel should not case their requests in a form which if approved could be adopted by the court as its findings." *Nyyssonen v. Bendix Corp.*, 342 F.2d 531, 532 (1st Cir. 1965), *cert. denied* 382 U.S. 847, *rehearing denied* 382 U.S. 934, *motion denied* 356 F.2d 193, *cert. denied* 385 U.S. 846 (*citing Hazeltine Research, Inc., v. Admiral Corp.*, 183 F.2d 953 (7th Cir. 1950), *cert. denied*, 340 U.S. 896).

The Seventh Circuit reached a similar conclusion in *Taylor Instrument Companies v. Fee & Stemwedel, Inc.*, 129 F.2d 156 (7th Cir. 1942). In *Taylor Instrument*, the appellant objected to the Trial Court's adoption of findings tendered by the appellee. *Id.* at 160. The Seventh Circuit rejected this challenge, stating the "[e]ach party, if he so desires, may present findings setting forth his theories and the evidence which he thinks supports those theories." *Id.*

Significantly, Cultec and DiTullio do not fail to cite a single case supporting their claim that Infiltrator, Stormtech and Nichols violated either the rules of this Court or the Federal Rules

---

1  Infiltrator, Stormtech and Nichols filed their Motion for Leave in an abundance of caution. Nothing in the Motion for Leave waived Infiltrator's, Stormtech's and Nichols' right to file their Proposed Findings of Fact and Conclusions of Law without first seeking leave of Court to do so. However, should this Court decide that the Proposed Findings of Fact and Conclusions of Law cannot be filed until after disposition of the Motion for Leave, then Infiltrator, Stormtech and Nichols respectfully request that this Court consider the Proposed Findings of Fact and Conclusions of Law as a supplement to the Motion to Leave, to be docketed once the Motion for Leave is allowed.

of Civil Procedure when they filed their Proposed Findings of Fact and Conclusions Of Law. In addition, other then the fact that they exist, Cultec and DiTullio have failed to point out any particular issue or deficiency with the Proposed Findings of Fact and Conclusions of Law.

Under *Nyyssonen* and *Taylor Instrument*, *supra*, Infiltrator, Stormtech and Nichols were fully within their rights when they filed their Proposed Findings of Fact and Conclusions of Law. Accordingly, this Court should deny the instant Motion.

**B.    The Voluminous Pleadings In This Case Support Filing Proposed Findings OF Fact And Conclusions Of Law.**

Cultec's and DiTullio's belief that "there has been more than sufficient briefing in this case already," Objection and Motion to Strike, p. 2, provides no basis for this Court to strike the Proposed Findings of Fact and Conclusions of Law. In fact, the opposite is true.

"The practice of inviting counsel to submit proposed findings of fact and conclusions of law is well established as a valuable aid to decision making." *In The Matter of Las Colinas, Inc.*, 426 F.2d 1005, 1008 (1st Cir. 1970). In this case, and as set forth more fully above, the Proposed Findings of Fact and Conclusions of Law will allow this Court to address all of the issues presented prior to and during the November 25 – 26, 2002, hearing in a single set of documents. Doing so will aid, not hinder, this Court in rendering its decision. *Id.* Accordingly, this Court should deny the instant Motion.

Cultec's and DiTullio's claim that the process of formulating findings of fact and conclusions of law will somehow delay the process is also without merit. As set forth above, the Federal Rules require the issuance of findings of fact and conclusions of law in rulings related to motions for preliminary injunctions. *Fair Housing In Huntington Committee Inc. v. Town of Huntington*, 316 F.3d 357, 363 (2d Cir. 2003). In this case, judicial economy will be well served if the findings of fact and conclusions of law prepared by the people most familiar with the case,

to *wit*, the parties. Moreover, upon issuance of the Court's findings of fact and conclusions of law, the parties will be able to determine which issues, if any, remain in the case and proceed to summary judgment or trial. Once again, judicial economy will be served.

### III. CONCLUSION

The Federal Rules of Civil Procedure require the issuance of findings of fact and conclusions of law in decisions involving preliminary injunctions. It is well established that parties are entitled to file proposed findings of fact and conclusions of law for consideration by this Court and that such findings and conclusions may aid the Court in its decision making process.

Cultec and DiTullio cannot establish any basis for striking Infiltrator's, Stormtech's and Nichols' Proposed Findings of Fact and Conclusions of Law. In particular, Infiltrator, Stormtech and Nichols were entitled to file their Proposed Findings of Fact and Conclusions of Law. Moreover, allowing the parties to file Proposed Findings of Fact and Conclusions of Law will promote judicial economy and speed the ultimate resolution of this case. Accordingly, this Court should deny Cultec's and DiTullio's Motion to Strike.

RESPECTFULLY SUBMITTED
INFILTRATOR SYSTEMS, INC. and
STORMTECH, INCORPORATED

Dated: January 12, 2005

BY: _____
Michael A. Cantor, Esq. (ct05524)
Michael J. Rye, Esq. (ct18354)
Daniel E. Bruso, Esq. (ct18666)
CANTOR COLBURN, LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Telecopier)

## CERTIFICATE OF SERVICE

    I, Daniel E. Bruso, Esquire, attorney for Plaintiffs in the above-captioned matter, hereby certify that, on the 12 day of January 2005, I served a true and accurate copy of INFILTRATOR SYSTEMS, INC.'S AND STORMTECH, INCORPORATED'S AND JAMES M. NICHOL'S OPPOSITION TO CULTEC, INC.'S AND ROBERT J. DITULLIO'S OBJECTION AND MOTION TO STRIKE PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, via first class mail, postage prepaid, upon:

Stephen P. McNamara
Steven B. Simonis, Esquire
St.Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford Connecticut 06905-5619

Daniel E. Bruso