**50. Denied.** The letter states that only Cultec is authorized to use the "patented overlapping rib connection," not any overlapping ribs.

**51. – 59.   Denied.**

**60. Denied.** Infiltrator/Stormtech rely on three pieces of evidence as grounds for a preliminary injunction against perceived "unfair competition". They rely on (1) the statements on Cultec's website; (2) the "Take Notice" letter sent to a contractor in Wakefield, Massachusetts in November 2001 (and not repeated since that time - Hearing Tr. 288, 315-316); and (3) purported statements of Walter Kusek, and independent consultant. (See Plaintiff's Post-Hearing Memorandum, at pp. 14-20).

As to Mr. Kusek's activities, Mr. Kusek is an independent sales representative, not an employee of Cultec (Kusek Tr. at 47, 50-53). He does not know if he made any statement to *Caddell Construction* about infringement of the DiTullio '151 patent (Kusek Tr. at 120-121). He suggested to *Mr. Robert DiTullio* that there may be an infringement during a call from Fort Bragg on his cell phone, but Mr. DiTullio told him "do not make a big issue out of it. Do not talk about it. Just kind of let it go." (Kusek Tr. at 121, 88). Mr. Kusek testified that contrary to the strenuous assertions by Infiltrator/Stormtech, the reason Caddell Construction purchased the Cultec product was that they liked them better because they seemed stronger (Kusek Tr. at 96). This is not by any stretch of the imagination any basis for asserting unfair competition under the standards outlined in *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348, 1353-54 (Fed. Cir. 1999).

As to the "Take Notice" letter, it was reviewed by counsel (Hearing Tr. 315-316), and sent out to a contractor, and has not been repeated since the letter was sent in November 2001, nor will it be repeated. The letter is hardly evidence of the type of bad faith required for an unfair competition claim. As Mr. DiTullio testified, Cultec had had a number of problems when contractors substituted the cheaper Infiltrator "Maximizer" product for the Cultec product which had been specified on plans, and the "Maximizer" product collapsed. Cultec did not want to repeat the experience of being blamed for Infiltrator failures, and so Cultec was motivated to inform contractors that they should use the genuine product, not the look-alike Infiltrator product. (Hearing Tr. 44-47). Furthermore, there is no evidence that the statements in the Cultec letters and website result in actual or probable injury to Infiltrator/Stormtech in that it does not appear that Plaintiffs have ever lost an order due to the letters or web site. The Plaintiffs have suggested they lost an order at Fort Bragg, but it is clear from Mr. Coppes' hearing testimony that Plaintiffs never had a purchase order for this job. The recipient of the "Take Notice" letter did not make a purchases from Cultec. Instead, as testified to by Mr. Coppes, Infiltrator/ Stormtech made the sale. (Hearing Tr. 269). Finally, regarding the statements on the Cultec website, Mr. Coppes conceded that they were not false (Hearing Tr. 286-287), and that no customer had ever commented on or questioned the statements on the Cultec website (Hearing Tr. 287-288), but that nevertheless, it was his opinion that the website could be misleading. (Hearing Tr. 288). Most tellingly, no customer of Infiltrator testified that he was influenced in any way by the above identified materials.

61. Infiltrator and Stormtech's Motion for preliminary injunction against alleged unfair competition and other claims should be denied; Cultec's motion for preliminary injunction regarding Plaintiffs patent infringements should be granted.

## Response to Proposed Conclusions of Law

2.-5. There is no case or controversy regarding the "New Chambers." Defendants have never made any statement regarding the "New Chambers" to Plaintiffs. They were introduced by Infiltrator after the filing of this action. They are not part of this case. (Hearing Tr. 5); see

14. Denied. Plaintiffs mischaracterize the statements attributed to Cultec and DiTullio.

33. Denied.

   (a)(iv)-(v). The "means to prevent lateral spreading" may be an end wall by itself. See Response to ¶¶29-35 of Proposed Findings of Fact, *supra.*

   (b) The end wall can be a integral wall or a separate piece.

34.-35   Denied. See Response to ¶¶29-35 of Proposed Findings of Fact, *supra*

38.  Denied.

(a)(iv)-(v) The "means to prevent lateral spreading" may be an end wall by itself. See Response to ¶¶29-35 of Proposed Findings of Fact, *supra.*

(b) The end wall can be a integral wall or a separate piece.

39.-42.  Denied. See Response to ¶¶29-35 of Proposed Findings of Fact, *supra*

43.  Denied

(b)-(d) The first galleries of the Old Chambers have an separate end wall, sometimes called an "end plate."

(g) The opening can receive a pipe; the opening can be cut to receive a larger pipe if the existing opening is too small.

(j)-(k) The Old Chambers have a means to prevent lateral spreading in the form of an end wall.

44.  Denied. The Old Chambers infringe claim 11.

45-46. Objected to as irrelevant and otherwise denied. The New Chambers are not in issue in this case. There is no case of controversy regarding these products. The "New Chambers" are not the subject of Defendant's Motion For Preliminary Injunction, and there is no basis to make any findings of fact or law regarding the "New Chambers."

47. Denied

    (b)-(c)  The end walls and end plate prevent lateral spreading.

    (g)  The opening can receive a pipe; the opening can be cut to receive a larger pipe if the existing opening is too small.

    (g)  The Old Chambers have an end wall as a means to prevent lateral spreading.

48. Denied.  The Old Chambers infringe claim 16.

49.- "3" (sic)  Objected to as irrelevant and otherwise denied.  The New Chambers are not in issue in this case.  There is no case of controversy regarding these products.  The "New Chambers" are not the subject of Defendant's Motion For Preliminary Injunction, and there is no basis to make any findings of fact or law regarding the "New Chambers."

"3." (sic)   Denied.  The statements are not literally false.  Stormtech's Old Chambers infringe one or more of Mr. DiTullio's patents; and

50. Denied.  See Response to ¶60 of Proposed Findings of Fact, *supra*

    (a) The statements were not false.

(b) There is no evidence that anyone was actually deceived or was likely to be deceived.

(c) There is no evidence that anyone was influenced by any statement in the letters

(e) There is no evidence of any actual or probable injury. No customer made any statement or gave testimony of being influenced in their purchasing decision in any way.

(f) Defendant's letters were sent after review by counsel and were not sent in bad faith. Defendants believed and still believe in the fact of Plaintiffs' infringement as evidenced by the fact that preliminary injunction is still being sought in this action.

51.    Denied. See Response to ¶60 of Proposed Findings of Fact, *supra*.

(a) –(f) Denied. There is no evidence in the record that any customer or potential customer looked at this web site, what they thought about it, or whether it affected them in any way.

52.-55.    Denied.

Conclusion

Cultec's motion for preliminary injunction enjoining Infiltrator/Stormtech from infringement of the DiTullio patent should be granted.

Infiltrator's motion for preliminary injunction against purported "unfair competition" by Cultec should be denied.

- 15 -

Respectfully submitted,

_____
Stephen P. McNamara, (ct 01220)
Steven Simonis (ct 22777)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT  06905
Tel. (203) 324-6155
Fax (203) 327-1096

Attorneys for Defendants
CULTEC, INC. and
ROBERT J. DITULLIO

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

## DEFENDANTS' RESPONSE TO
## PLAINTIFFS' PROPOSED FINDINGS OF FACT AND LAW

s being served, by First Class Mail, postage prepaid, on the date indicated below, on the following counsel for Plaintiffs, by email, and by depositing the same with the U.S. Postal Service, in envelopes addressed to:

Michael Rye
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

Date: February 7, 2005

_____
Stephen P. McNamara