IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and STORMTECH, INCORPORATED<br><br>Plaintiffs,<br><br>vs.<br><br>CULTEC, INC. and ROBERT J. DITULLIO<br><br>Defendants | Civil Action No. 301CV2188AWT |
| CULTEC, INC. and ROBERT J. DITULLIO<br>Counterclaimants and Third Party Plaintiffs<br><br>v.<br><br>INFILTRATOR SYSTEMS, INC.<br>STORMTECH INCORPORATED<br>Counterclaim Defendants<br>and<br>JAMES M. NICHOLS<br>FABRI-FORM CO., INC.<br>Third Party Defendants | |

**PLAINTIFF/DEFENDANT-IN-COUNTERCLAIM INFILTRATOR SYSTEMS, INC. AND STORMTECH, INCORPORATED AND THIRD-PARTY DEFENDANT JAMES M. NICHOL'S OPPOSITION TO**

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**AND**

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OPPOSE PLAINTIFFS' SUMMARY JUDGMENT MOTION**

1

Plaintiffs Infiltrator Systems, Inc. and Stormtech, Incorporated ("Infiltrator" and "Stormtech" respectively) and Defendant-in-Counterclaim James M. Nichols ("Nichols") submit their Opposition to Defendants' Motion to Stay Proceedings Pending Appeal and their Motion For An Extension of Time to Oppose Plaintiffs' Summary Judgment Motion ("Defendants' Motions"). In support thereof, Infiltrator, Stormtech and Nichols rely upon and incorporate by reference the pleadings filed to date and state as follows.

## I. **INTRODUCTION**

Defendants' Motion for a stay is intended to accomplish nothing but delay. Cultec has continued to do business without an injunction and without harm for some three years since this lawsuit was initiated. Plaintiffs have not been making or selling the accused chambers for years, rendering the requested preliminary relief moot. To the contrary, the additional delay in reaching a final judgment that would be caused by the entry of a stay would serve only to allow Defendants to continue to wrongly assert that Plaintiffs are infringers, thereby harming Plaintiffs in the marketplace.

Defendants' Motions are predicated upon a series of legally deficient claims regarding this Court's ability to proceed with the case while Defendants' appeal of the orders denying their Motion for Preliminary Injunction is pending. In particular, Defendants incorrectly claim that (1) this Court was divested of jurisdiction when Defendants filed their Notice of Appeal; and (2) that staying the case is appropriate. The law does not support either claim.

2

Appealing the denial of a Motion for Preliminary Injunction does not divest the Court of jurisdiction to adjudicate this case on the merits. Accordingly, this Court may adjudicate this case on the merits while the appeal is pending.

A discretionary stay is unwarranted. In order to establish that a stay pending appeal is appropriate, the Court considers (1) whether the stay applicant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the stay applicant has demonstrated a substantial possibility of success on appeal; and (4) where the public interest lies.

Defendants present absolutely no evidence that they will suffer any harm if the case is not stayed, cannot establish a substantial possibility of success on appeal and cannot show that the public interest will be served by a stay. In addition, Defendants completely ignore the substantial harm that Infiltrator, Stormtech and Nichols will suffer if Defendants are permitted to obstruct and delay disposition of this case by filing a series of meritless appeals and the unnecessary waste of time that will result if a stay enters.

Defendants' failure to meet their burden of proving that a stay is warranted is fatal to their claim. Accordingly, this Court should deny Defendants' Motions.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This facts of this case have been extensively briefed by the parties. Essentially, prior to filing their Complaint, Infiltrator and Stormtech learned that Defendants were falsely claiming that Infiltrator's and Stormtech's drainage galleries infringed DiTullio's various patents, including without limitation including United States Patent No. 5,087,151 (the " '151 Patent").

3

Defendants were making these false and misleading claims to Infiltrator's and Stormtech's actual and potential customers.

On January 25, 2002, Infiltrator and Stormtech brought this action in order to obtain a declaratory judgment of non-infringement of DiTullio's patents, including the '151 Patent, to recover damages attributable to DiTullio's false and misleading claims, and to preliminarily and permanently enjoin DiTullio and Cultec from repeating their false claims.

Defendants filed their first Motion for Preliminary Injunction on February 6, 2002 [Docket No. 14], which was denied on May 31, 2002 [Docket No. 47]. On or about June 10, 2002, Defendants moved for reconsideration of their Motion [Docket No. 50]. In addition, on or about August 22, 2002, Defendants filed a Supplemental Motion for Preliminary Injunction [Docket No. 71]. Infiltrator, Stormtech and Nichols filed their own Motion for Preliminary Injunction on February 20, 2002. [Docket No. 18].

On November 25 – 26, 2002, this Court conducted a two-day *Markman* hearing on the parties' claims construction and their respective Motions for Preliminary Injunction [Docket Nos. 114, 116] (the "*Markman*/Preliminary Injunction Hearing"). Thereafter, the parties engaged in extensive post-hearing briefing, together with additional discovery.

On or about April 7, 2004, Infiltrator, Stormtech and Nichols sought leave to file Proposed Findings of Fact and Conclusions of Law [Docket No. 172] relative to the *Markman*/Preliminary Injunction Hearing. On December 23, 2004, Infiltrator, Stormtech and Nichols filed the Proposed Findings of Fact and Conclusions of Law [Docket No. 175]. On or

about February 2, 2005, this Court allowed the Motion for Leave to File Proposed Findings of Fact and Conclusions of Law and denied Defendants' Motion to Strike [Docket Nos. 179, 180].

On February 14, 2005, this Court conducted a telephonic hearing on Defendants' Motion for Preliminary Injunction and their Supplemental Motion for Preliminary Injunction [Docket No. 184]. Thereafter, on March 29, 2005, this Court denied Defendants' Motion for Preliminary Injunction [Docket No. 185]. On March 30, 2005, the Court denied Defendants' Supplemental Motion for Preliminary Injunction [Docket No. 186].

On April 18, 2005, Defendants appealed the denial of their Motions for Preliminary Injunction [Docket No. 187] to the United States Court of Appeals for the Federal Circuit.

On or about April 29, 2005, Infiltrator, Stormtech and Nichols filed their Motion for Summary Judgment [Docket Nos. 188 – 191]. Infiltrator, Stormtech and Nichols seek summary judgment of non-infringement of the '151 Patent. This motion remains pending before the Court.

On or about May 11, 2005, Defendants filed the instant Motions [Docket No. 192, 193]. Defendants seek to stay proceedings pending disposition of the Appeal. Defendants further seek to delay disposition of Infiltrator's, Stormtech's and Nichols' Motion for Summary Judgment by waiting until thirty (30) days after disposition of their meritless appeal.

III. **ARGUMENT**

Defendants' Motions lack merit and should be dismissed because there is no basis for staying this case or for granting the requested extension.[1] Defendants' appeal of the orders denying their Motions for Preliminary Injunction did not divest this Court of jurisdiction to

5

adjudicate the merits of this case. Moreover, nothing prevents this Court from entering the findings of fact and conclusions of law required under Fed. R. Civ. P. 52(a) or from ruling upon Infiltrator's, Stormtech's and Nichols' Motion for Summary Judgment.

In addition, no basis exists for entering a discretionary stay. Defendants' utterly fail to meet their burden of proving that they will suffer irreparable harm if the case is not stayed, that there is a substantial possibility that they will succeed on the merits of their appeal or that the public interest will somehow be served if this case is stayed. Moreover, Defendants cursory suggestion that Infiltrator, Stormtech and Nichols will not suffer harm if the case is stayed ignores the harm that Infiltrator, Stormtech and Nichols will suffer if they are forced to endure Defendants' spurious infringement allegations during Defendants' meritless appeal.

### A.    This Court Has Jurisdiction To Adjudicate This Case On The Merits.

Defendants' suggestion that this Court was divested of jurisdiction over the subject matter of the appeal is not supported by existing case law. Defendants' appeal is permitted under 28 U.S.C. § 1292(a)(1), which provides that

> (a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
>
> > (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;....

---

1    Infiltrator, Stormtech and Nichols are willing to assent to a reasonable extension of up to one (1) week from May 20, 2005, the date that Defendants' Opposition is currently due. However, as of the date of this Opposition, Defendants have not requested such an extension.

28 U.S.C. § 1292(a)(1).

It is black letter law that the appeal of an interlocutory order, including an order denying a preliminary injunction, does not divest the district court of jurisdiction to proceed with the case on the merits. In other words, Defendants are free to seek review of the order denying their Motions for Preliminary Injunction. However, this Court retains jurisdiction to enter findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a), allow Infiltrator's, Stormtech's and Nichols' Motion for Summary Judgment, and enter final judgment in their favor. *Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906); *Thomas v. Board of Education, Granville Central School District*, 607 F.2d 1043, 1047 n. 1 (2d Cir. 1979); *In the matter of Mann*, 311 F.3d 788, 793 (7th Cir. 2002).

In *National Enameling*, the Supreme Court held that appealing an interlocutory order does not divest the district court of jurisdiction to adjudicate the case on the merits. *National Enameling & Stamping Co.*, 201 U.S. at 162. Instead, the Supreme Court held that the review to be conducted when an interlocutory order is appealed "is a review of the interlocutory order, and of that [order] only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. **The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered.**" *Id.* at 162 (emphasis supplied).

The Second Circuit relied upon *National Enameling* when it held that the appeal of an order denying a preliminary injunction did not divest the district court of its ability to dispose of the case on the merits. *Thomas v. Board of Education, Granville Central School District*, 607

7

F.2d 1043, 1047 n. 1 (2d Cir. 1979). The Second Circuit held that "[a]lthough filing of a timely notice of appeal in the district court normally divests that court of further jurisdiction, **an appeal from an interlocutory order granting or denying preliminary injunctive relief does not strip the district court of jurisdiction to proceed with the action on the merits.**" *Id.* (emphasis supplied) (*citing Ex parte National Enameling & Stamping Co.*, 201 U.S. 156, 162, 26 S.Ct. 404, 50 L.Ed. 707 (1906); 9 Moore's Federal Practice P 203.11 (2d ed. 1975)).

In 2002, the Seventh Circuit reiterated the rule set down in *National Enameling* and *Thomas* when it rejected a petitioner's claim that her appeal of an order denying a preliminary injunction deprived a district court of jurisdiction to decide a case on the merits. *In the matter of Mann*, 311 F.3d 788, 793 (7th Cir. 2002). Citing *Thomas*, the Seventh Circuit held that "[a]lthough an appeal usually deprives the district court of jurisdiction to proceed, an appeal under 28 U.S.C. § 1292(a)(1) from the denial of an interlocutory injunction is an exception to that norm." *Id.* (*citing Thomas*, 607 F.2d 1043; *Abramson v. University of Hawaii*, 593 F.2d 202 (9th Cir. 1979). Indeed, the *Mann* Court held that the entry of final judgment by the district court rendered the interlocutory appeal moot. *Id.*

The present case is on all fours with *National Enameling*, *Thomas* and *Mann*. Like those cases, Defendants' appeal is directed towards an interlocutory order.[2] The fact that such an appeal is permitted pursuant to 28 U.S.C. § 1292(a)(1), however, does not deprive this Court of the ability to proceed with the merits of the case. *Thomas*, 607 F.2d at 1047 n. 1; *Mann*, 311 F.3d at 793; *see National Enameling*, 201 U.S. at 162. Indeed, should this Court enter final

---

2   *Thomas* and *Mann* are particularly similar since both case related to the denial of a motion for preliminary injunction.

8

judgment prior to adjudication of the appeal, Defendants' appeal will be moot. *Mann*, 311 F.3d at 793. This Court should, therefore, proceed to adjudicate this case on the merits by (1) entering findings of fact and rulings of law; and (2) entering summary judgment in Infiltrator's, Stormtech's and Nichols' favor.

The cases that Defendants rely upon to support their jurisdictional beliefs are clearly distinguishable from the present case. In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), the appeal was from an order granting summary judgment. *Id.* at 57. The decision does not indicate that a preliminary injunction was even sought. *Id.* Accordingly, it is difficult to perceive precisely how *Griggs* is relevant to the instant case.

Defendants only other case, *State of New York v. N.R.C.*, 550 F.2d 745 (2d Cir. 1977), adds nothing to their Motions. In *N.R.C.*, the Second Circuit held that a motion for preliminary injunction that was filed during the pendency of an appeal from an order denying a previous motion for preliminary injunction was "little more than a poorly disguised effort to reopen and reargue the earlier unsuccessful motion." *Id.* at 758. The Second Circuit agreed with the district court that "the district court lacked jurisdiction to tamper in any way with the order then on interlocutory appeal other than to issue orders designed to preserve the status of the case as it sat before the court of appeals." *Id.* at 758 – 59.

*N.R.C.* did not address the Court's ability to proceed with the merits of the case during the pendency of the appeal. Instead, the only issue was whether district court could alter an order that had been appealed.

Infiltrator, Stormtech and Nichols would strongly prefer that this Court do nothing to the orders denying Defendants Motions for Preliminary Injunction. Indeed, Infiltrator, Stormtech and Nichols strongly agree with the Court's decision to deny both Motions. In other words, N.R.C. has absolutely nothing to do with the issues presently before this Court.

Under *National Enameling*, *Thomas*, and *Mann*, a district court may proceed to hear the merits of a case, even though an interlocutory appeal, including the denial of a motion for preliminary injunction, is pending. Neither *Griggs* nor *N.R.C.* change this well-established rule. Accordingly, this Court should find that it has jurisdiction to adjudicate this case on the merits when it denies Defendants' Motions.

**B.     No Basis Exists For Staying This Case.**

Defendants request for a stay pending appeal should be denied because Defendants have utterly failed to provide any basis for entering such an order. Both the appeals court and the district courts recognize that "[t]he issuance of a stay pending appeal lies within the discretion of the court. [citation omitted] The court must assess the propriety of a stay in view of the following four factors: (1) whether the stay applicant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the stay applicant has demonstrated a substantial possibility of success on appeal; and (4) where the public interest lies." *Connecticut Hospital Assoc. v. O'Neill*, 863 F.Supp. 59, 61 (D.Conn. 1994) (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992)); *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (*citing Hirschfeld, supra*);

10

*Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992).

Within the Second Circuit, courts balance the risk of harm against the possibility of success. *Mohammed*, 309 F.3d at 101. "As the Sixth Circuit has explained, '[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury... [the moving party]... will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Id.* at 101 (*quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Defendants present nothing to balance. Although Defendants bear the burden of establishing a substantial possibility of success on appeal, *Connecticut Hospital Assoc.*, 863 F.Supp. at 62, Defendants have not set forth any reasons why the orders from which the Defendants' appeal constitute reversible error or why there is a substantial possibility that the Federal Circuit will find that this Court abused its discretion when it denied Defendants' Motions for Preliminary Injunction. Accordingly, there is simply no basis for this Court to find that there is any possibility of success on appeal.

Even if Defendants somehow establish some possibility of success on appeal, their Motions should be denied because Defendants have not established that they will suffer a substantial injury if the case proceeds. *Connecticut Hospital Assoc. v. O'Neill*, 863 F.Supp. at 61 (party seeking stay must establish that they will suffer substantial harm if the stay does not issue). The degree of injury is inversely proportional to the possibility of success. *Mohammed*, 309 F.3d at 101.

Defendants cannot establish that they will suffer substantial harm if the stay does not issue. This Court may recall that Infiltrator and Stormtech manufacture two types of chambers, which the parties have referred to as the "Old Chambers" and the "New Chambers". This Court may further recall that Mr. Coppes testified during the *Markman*/Preliminary Injunction Hearing that Infiltrator and Stormtech had ceased manufacturing the Old Chambers in or around the Fall of 2000. Finally, this Court should recall that Defendants have strenuously and repeatedly argued that their counterclaim is only directed to the Old Chambers. In other words, the relief that Defendants seek is moot because the only products that Defendants contend infringe the '151 Patents haven't been made in approximately 4 ½ years.

Defendants, perhaps recognizing the inherent weakness of their position, suggest that proceeding with this case "would be a waste of judicial resources and the parties' resources to consider Plaintiffs' Motion for Summary Judgment now, and then re-consider it after the appeal is completed." Defendants Motion for Stay, p. 3.

This argument borders on the absurd. Defendants assume, without any proof, that this Court will need to re-consider its decision on the pending Motion for Summary Judgment once the appeal is complete. In fact, should this Court rule in Infiltrator's, Stormtech's and Nichols' favor before the Federal Circuit issues its decision, Defendants' appeal will be rendered moot. *In the matter of Mann*, 311 F.3d 788, 793 (7th Cir. 2002) (entry of final judgment renders appeal of


interlocutory order denying motion for preliminary injunction moot). Accordingly, there will be no need to revisit anything.[3]

Defendants suggestion that a stay is warranted so that they will be relieved of the obligation to respond to the Motion for Summary Judgment is contrary to *National Enameling*, *Thomas*, and *Mann*. In each of those cases, the Courts expressly held that it was appropriate for a district court to proceed with the merits of a case during the pendancy of an interlocutory appeal. Defendants, on the other hand, would have this Court stay proceedings in order to avoid the purported burden of proceeding. This position is simply contrary to existing law and should be rejected.

Defendants also ignore the harm that Infiltrator, Stormtech and Nichols will suffer if the case is stayed based upon a Motion that doesn't even attempt to provide the proof required in order for a stay to issue and that is based upon a moot issue. Defendants have been prosecuting their claims since January, 2002. They have endured Defendants false claims regarding the scope of the '151 Patent, together with their spurious counterclaim, for 3 ½ years. Now, when the case is ripe for adjudication, Defendants seek a stay without bothering to provide this Court with the proof it needs to rule. During the period of the stay, Infiltrator, Stormtech and Nichols will, once again, be at the mercy of Defendants false and misleading claims. This harm far outweighs the harm the Defendants will suffer if this Court proceeds with the case.

Defendants provide no information whatsoever regarding the final prong of the *Connecticut Hospital Assoc.* Court's test, to *wit*, whether the public interest will be served by a

---

[3]    Defendants may choose to appeal an adverse decision on summary judgment. If they do, however, then it is Defendants who will be wasting judicial resources. Regardless, the possibility that Defendants will appeal a yet to be

stay. In fact, it will not. Staying this case will do nothing to resolve this matter, and will delay the delivery of justice to Infiltrator, Stormtech and Nichols. The public interest is not served when a party is allowed to delay disposition of a case based upon an utter lack of proof.

### C. Defendants' Should Be Required To Respond To The Motion For Summary Judgment Within A Reasonable Period Of Time.

In view of the foregoing, Defendants Motion for an extension of time to respond to the Motion for Summary Judgment. This Court can, and should, hear the merits of the case. The requested extension will cause an unnecessary, and harmful, delay.

Infiltrator, Stormtech and Nichols do not oppose a reasonable extension for Defendants to respond to the Motion for Summary Judgment. More particularly, Infiltrator, Stormtech and Nichols will agree to extend the deadline for Defendants to respond from May 20, 2005, through and including May 27, 2005.

### IV. CONCLUSION

Defendants' appeal of the orders denying their Motions for Preliminary Injunction does not deprive this Court of jurisdiction to proceed with the merits of the case. To the contrary, the Supreme Court and the Second Circuit have both recognized that the case should proceed while the interlocutory orders are on appeal.

A discretionary stay is also unwarranted. Defendants have failed to show any of the factors that must be established in order for a stay to issue. Infiltrator, Stormtech and Nichols, on the other hand, have established that they will be harmed if this case does not proceed.

Defendants' request for an extension of time to respond to the Motion for Summary

---

issued order is insufficient basis for entering a stay.

Judgment is unreasonable. While a short extension is acceptable, there is simply no basis for allowing Defendants to delay this matter further.

Accordingly, this Court should deny Defendants' Motion to Stay Proceedings Pending Appeal and extend the deadline for Defendants to oppose the Motion for Summary Judgment to May 27, 2005.

Dated: 5/17/05

RESPECTFULLY SUBMITTED
INFILTRATOR SYSTEMS, INC.
STORMTECH, INCORPORATED
And JAMES M. NICHOLS

By: _____
Michael J. Rye, Esq. (ct 18354)
Daniel E. Bruso, Esq. (ct 18666)
CANTOR COLBURN, LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Telecopier)

15

## CERTIFICATE OF SERVICE

I, Daniel E. Bruso, Esquire, attorney for Plaintiffs in the above-captioned matter, hereby certify that, on the 17th day of May, 2005, I served a true and accurate copy of the foregoing document, via first class mail, postage prepaid, upon:

Stephen P. McNamara
Steven B. Simonis, Esquire
St.Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford Connecticut 06905-5619

Daniel E. Bruso