UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

---------------------------------------------------:
Infiltrator Systems, Inc. and :
Stormtech, Incorporated :
    Plaintiffs, :    Case No. 3:01CV2188 (AWT)
v. :
    :
Cultec, Inc., and . :    Date:  May 11, 2005
Robert J. DiTullio :
    Defendants :
---------------------------------------------------:

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL AND MEMORNADUM IN SUPPORT OF MOTION

This Reply Brief is submitted in response to Infiltrator Systems, Inc. and Stormtech, Incorporated ("Plaintiffs") Opposition to Defendants' Motion to Stay Proceedings Pending Appeal and Memorandum in Support of Motion ("Plaintiffs' Motion").

Plaintiffs have argued that it is inappropriate to issue a stay pending appeal requested in Defendants' Motion to Stay Proceedings Pending Appeal and further that the law does not support the issuance of a stay. (Plaintiffs' Motion, pp. 2 & 7 citing *Ex Parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906); *Thomas v. Board of Education, Granville Central School District*, 607 F.2d 1043, 1047 n. 1 (2d Cir. 1979); and *In the matter of Mann*, 311 F.3d 788, 793 (7th Cir. 2002). Plaintiffs further state that in order to establish a stay pending appeal the Court must consider four separate issues,

namely (1) whether the stay applicant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the stay applicant has demonstrated a substantial possibility of success on appeal, and (4) where the public interest lies. (Plaintiffs' Motion, pp. 3 & 10 citing *Connecticut Hospital Assoc. v. O'Neill*, 863 F.Supp. 59, 61 (D.Conn. 1994)). These cases however are off point.

With regard to Plaintiffs assertion that it is inappropriate to issue a stay pending appeal and the law does not support such, Plaintiffs have cited to *Ex Parte National Enameling & Stamping Co.*, 201 U.S. 156 (1906), which it should be noted is not on point with the present case. *National* deals with a case in which a stay of a preliminary injunction is sought, not a stay of proceedings pending the outcome of an appeal as in the present case. In any case, *National* does state that "[t]he case, **except for the hearing on the appeal from the interlocutory order**, is to proceed in the lower court as though no such appeal had been taken." *Ex Parte National Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906) (emphasis added). This is the very point that Defendants made in Defendants' Motion, namely that a stay pending appeal is appropriate in this case because the issues of claim construction and infringement in issue in the appeal are the same as the substantive issues presented in Plaintiffs' Motion for Summary Judgment.

Plaintiffs further cite *Thomas v. Board of Education, Granville Central School District*, 607 F.2d 1043 (2d Cir. 1979) and *In the matter of Mann*, 311 F.3d 788, 793 (7th Cir. 2002) to support their arguments. These cases are also off point. *Thomas* is a First Amendment case in which a preliminary injunction was denied relating to the suspension of children from school for publishing supposedly obscene material, while *Mann* is

directed toward the denial of a preliminary injunction where an attorney refused to pay sanctions imposed by the court. Plaintiffs are asserting that these cases to support the notion that the Court retains jurisdiction over determination of patent infringement during an interlocutory appeal directed to the issues of claim construction and infringement. (Plaintiffs' Motion, p.8). However, unlike the present case, neither *Thomas* nor *Mann* deal with any factual issues remotely related to a determination of patent infringement or a stay of proceedings while a determination of issues critical to a determination of patent infringement are settled on appeal. While Plaintiffs' state that "[t]he present case is on all fours with *National Enameling*, *Thomas* and *Mann*" nothing could be further from the truth because none of these cases dealt with a stay of proceedings directed to issues on appeal relating to the denial of a preliminary injunction based on a finding of non-infringement. Only one case *National*, had anything to do with a determination of patent infringement, and that case was directed to a stay of a preliminary injunction pending appeal, which is the exact opposite of this case.

With regard to Plaintiffs' statements that in order to establish a stay pending appeal the Court must consider the four separate issues listed in *Connecticut Hospital Assoc. v. O'Neill*, 863 F.Supp. 59, 61 (D.Conn. 1994), again Plaintiffs' are off point. *Connecticut Hospital* was directed to a stay of a district court's order requiring reimbursement to hospitals of Medicaid costs. *Id.* at 60. Again, this case is similar to *National* because the stay is directed to a stay of enforcement of a judgment, namely the payment of funds to hospitals. This is the exact opposite of the present case where Defendants seek to stay further proceedings relating to the issues taken on appeal, namely

a **denial** of a preliminary injunction. Accordingly, the four issues listed in *Connecticut Hospital* are inapplicable to the present case.

Defendant cited *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) for the prospect that the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case which are involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divest the district court of its control over those aspects of the case involved in the appeal.") In response, Plaintiffs submitted that "it is difficult to perceive precisely how *Griggs* is relevant to the instant case." Griggs is controlling law here because the issues on appeal are very issues Plaintiffs seek to simultaneously advance in the district court (i.e.; claim construction and patent infringement) in direct contravention of *Griggs*.

Defendants further cited *State of New York v. N.R.C.*, 550 F.2d 745 (2d Cir. 1977) for the prospect that after filing of a notice of appeal, the district court should not take any action that would alter the status of the case as it rests before the circuit court, including ruling on summary judgment. Plaintiffs even state that the Second Circuit agreed with the district court that "the district court lacked jurisdiction to tamper in any way with the order then on interlocutory appeal." *Id.* at 758 – 759. This Court's Endorsement Order dated March 30, 2005 "concluded that the plaintiffs' chambers do not infringe the '151 patent." Therefore, any ruling on summary judgment for infringement

has to tamper with the issues at the very heart of the appeal, namely a denial of a preliminary injunction based on claim construction and finding of patent infringement. For example, if Defendants prevailed on Summary Judgment of infringement, this would completely alter the status of the appeal pending before the Federal Circuit in direct contravention of established case law.

Plaintiffs further submit that if a stay of proceedings is issued that Plaintiffs "will, once again, be *at the mercy* of Defendants false and misleading claims." (Plaintiffs' Motion, p. 13) (emphasis added). To say that the Plaintiffs are at the mercy of the Defendants is quite comical. The Plaintiffs have brought and maintained this lawsuit for many years. In fact, Defendants would like nothing more that for Plaintiffs to agree to a dismissal of all claims but it is Plaintiffs who continue to pursue the case.

Accordingly, Defendants' respectfully submit that any further proceedings in this Court, especially with regard to the issues of claim interpretation and infringement on appeal, should be stayed pending the outcome of the appeal.

    Respectfully submitted,

_____
Stephen P. McNamara, (ct 01220)
Steven Simonis (ct 22777)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Fax (203) 327-1096

Attorneys for Defendants
CULTEC, INC. and ROBERT J. DITULLIO

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL AND MEMORNADUM IN SUPPORT OF MOTION

is being served, by First Class Mail, postage prepaid, on the date indicated below, on the following counsel for Plaintiffs, by email, and by depositing the same with the U.S. Postal Service, in envelopes addressed to:

Michael Rye
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

Date: May 23, 2005

_____
Stephen P. McNamara