IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INFILTRATOR SYSTEMS, INC. and<br>STORMTECH, INCORPORATED<br><br>    Plaintiffs,<br><br>    vs.<br><br>CULTEC, INC. and<br>ROBERT J. DITULLIO<br><br>    Defendants | Civil Action No. 301CV2188AWT |
| CULTEC, INC. and<br>ROBERT J. DITULLIO<br>    Counterclaimants and<br>    Third Party Plaintiffs<br><br>v.<br><br>INFILTRATOR SYSTEMS, INC.<br>STORMTECH INCORPORATED<br>    Counterclaim Defendants<br>and<br>JAMES M. NICHOLS<br>FABRI-FORM CO., INC.<br>    Third Party Defendants | |

**MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM OF LAW IN
OPPOSITION TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL
AND
DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OPPOSE PLAINTIFFS'
SUMMARY JUDGMENT MOTION**

Plaintiffs Infiltrator Systems, Inc. and Stormtech, Incorporated ("Infiltrator" and

"Stormtech") and Third-Party Defendant James M. Nichols ("Nichols") move this Court for

1

leave to file a Surreply Memorandum Of Law In Opposition To Defendants' Motion To Stay Proceedings Pending Appeal and Defendants' Motion For An Extension Of Time To Oppose Plaintiffs' Motion For Summary Judgment. In support thereof, Infiltrator, Stormtech and Nichols rely upon the pleadings filed to date and states follows.

1. On or about November 26, 2001, Stormtech and Infiltrator commenced the instant action by filing a complaint in the United States District Court for the District of Connecticut, which complaint sought a declaratory judgment of non-infringement of United States Patent No. 5,087,151, together with injunctive and monetary relief from Cultec's and DiTullio's false and misleading statements that are violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

2. On or about January 15, 2002, Stormtech and Infiltrator amended their complaint to seek declaratory judgments of non-infringement of United States Patent Nos. 5,419,838, 5,773,756, 6,129,482, and 6,322,288.

3. On or about February 6, 2002, DiTullio and Cultec filed a Motion for Preliminary Injunction in which they seek to enjoin Infiltrator, Stormtech and third-party defendant James Nichols ("Nichols") from infringing the '151 Patent. DiTullio and Cultec supplemented their Motion for Preliminary Injunction on August 22, 2002.

4. Infiltrator, Stormtech and Nichols opposed Cultec's and DiTullio's Motion for Preliminary Injunction and filed their own Motion for Preliminary Injunction.

5. On or about November 24 – 25, 2002, this Court conducted a hearing on the parties' respective Motions for Preliminary Injunctions and their *Markman* claims construction.

6. On or about March 29, 2005, this Court denied Cultec's and DiTullio's Motion for

Preliminary Injunction. On or about March 30, 2005, this Court denied Cultec's and DiTullio's Supplemental Motion for Preliminary Injunction.

7. On April 18, 2005, Cultec and DiTullio appealed the denial of their Motions for Preliminary Injunction to the United States Court of Appeals for the Federal Circuit.

8. On or about April 29, 2005, Stormtech, Infiltrator and Nichols filed a Motion for Summary Judgment.

9. On or about May 11, 2005, Cultec and DiTullio moved to stay all proceedings in this case pending appeal (the "Motion for Stay") and for an extension of time to oppose the Motion for Summary Judgment (the "Motion for Extension").

10. On or about May 17, 2005, Stormtech, Infiltrator and Nichols opposed the Motion for Stay and the Motion for Extension (the "Opposition").

11. On or about May 24, 2005, Cultec and DiTullio filed their Reply to the Motion for Stay and the Motion for Extension (the "Reply Memorandum")

12. The Reply Memorandum is replete with inaccurate characterizations of the cases cited by Infiltrator, Stormtech and Nichols in their Opposition.

13. Infiltrator, Stormtech and Nichols, seeks this Court's leave to file a Surreply Memorandum of Law, which Surreply Memorandum of Law shall address the factual and legal inaccuracies in the Reply Memorandum.

14. As the basis for the instant Motion, Infiltrator and Stormtech aver that Cultec and DiTullio did not assert their misrepresentations regarding the scope of their appeal and the cases relied upon by the parties until they filed the Reply Memorandum.

15. Stormtech and Infiltrator aver that no party will be prejudiced if they are allowed to file a

Surreply Memorandum of Law because they are merely addressing and correcting the misrepresentations and inaccuracies in the Reply Memorandum. Indeed, Stormtech and Infiltrator aver that justice will be better served if this Court is presented with an accurate characterization of the facts and the law.

18. The proposed Surreply is annexed hereto as "Exhibit A".

WHEREFORE, Stormtech, Infiltrator and Nichols respectfully request that this Court allow the within Motion on its terms and grant such other relief as it deems just and appropriate.

RESPECTFULLY SUBMITTED,
STORMTECH INCORPORATED,
INFILTRATOR SYSTEMS, INC. and
JAMES M. NICHOLS

Dated: 6/8/05

By: _____
Michael A. Cantor, Esq. (ct05524)
Michael J. Rye, Esq. (ct18354)
Daniel E. Bruso, Esq. (ct18666)
CANTOR COLBURN, LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929 (Telephone)
(860) 286-0115 (Telecopier)

## CERTIFICATE OF SERVICE

I, Daniel E. Bruso, Esquire, attorney for Plaintiffs, Counterclaim Defendants, and Third Party Defendant in the above-captioned matter, hereby certify that, on the 8th day of June, 2005, I served a true and accurate copy of the foregoing document via U.S. mail, Postage Prepaid, upon:

Stephen P. McNamara, Esq.
St. Onge, Steward, Johnston & Reens LLC
986 Bedford Street
Stamford Connecticut 06905-5619

Daniel E. Bruso