# United States Court of Appeals for the Federal Circuit

05-1375

INFILTRATOR SYSTEMS, INC. and STORMTECH, INC.,

Plaintiffs-Appellees,

v.

CULTEC, INC. and ROBERT J. DITULLIO,

Defendants-Appellants.

# Judgment

ON APPEAL from the    UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

In CASE NO(S).    01-CV-02188

This CAUSE having been heard and considered, it is

ORDER and ADJUDGED:

<u>DISMISSED</u>

ENTERED BY ORDER OF THE COURT

DATED  MAR 2 1 2006

Jan Horbaly, Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ISSUED AS A MANDATE: APR 1 1 2006

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1375

INFILTRATOR SYSTEMS, INC. and STORMTECH, INC.

Plaintiffs-Appellees,

v.

CULTEC, INC. and ROBERT J. DITULLIO,

Defendants-Appellants.

---

DECIDED: March 21, 2006

---

Before MICHEL, Chief Judge, BRYSON, and DYK, Circuit Judges.

MICHEL, Chief Judge.

Cultec, Inc. and Robert J. DiTullio (collectively, "Cultec") appeal the decision denying their motion for a preliminary injunction in this patent infringement case. Infiltrator Systems, Inc. and Stormtech, Inc. (collectively, "Infiltrator") manufacture and sell an allegedly infringing product, a drainage chambers system. This product has been manufactured and sold in two different versions: the version currently manufactured and sold (the "new chambers") and the version previously manufactured and sold (the "old chambers"). Both parties agree that only the old chambers are at

issue in the infringement aspect of the case.[1] Cultec moved for a preliminary injunction to prevent Infiltrator from manufacturing, selling, or offering to sell the old chambers.

On the basis of the briefs submitted by both parties and oral argument by both parties, it appeared that Infiltrator was no longer manufacturing, selling, or offering to sell the old chambers. After oral argument, this Court issued a Show Cause Order to show why this case should not be dismissed based on mootness due to lack of the old chambers, the only allegedly infringing product at issue in this case. Both parties replied with letter briefs and sworn affidavits from a responsible officer with knowledge of the relevant facts.

Based on those letter briefs and affidavits, this Court has determined that the old chambers are no longer manufactured, sold, offered for sale, or inventoried and will not be manufactured or sold in the future. In Infiltrator's letter brief, Infiltrator stated that this appeal "should" be dismissed for mootness. Indeed, Infiltrator "agree[d]" that the appeal is "limited to the . . . Old Chamber" and "concede[d]" that the appeal is therefore "moot." Bryan Coppes, a Vice President of Infiltrator, averred to this Court in his declaration in support of Infiltrator's letter brief that: (1) Infiltrator has "not manufactured the Old Chambers since at least approximately three [ ] years prior to the date of this Declaration," (2) "[t]he last sale of Old Chambers occurred on or about January 21, 2003," (3) Infiltrator "scrapped [its] last remaining inventory of Old Chambers on or about August 11, 2003," and (4) Infiltrator "ha[s] no Old Chambers in inventory."

---

[1] In its letter brief, Infiltrator "seek[s] to clarify" that the new chambers are still at issue with respect to its claim that Cultec is "falsely claiming that the New Chambers infringe" the patent at issue. In this opinion, we do not address these alleged false claims, as they were not appealed.

05-1375                                                  2

In its letter brief, Cultec asserted that Infiltrator is still offering to sell the old chambers by providing marketing brochures and installation instructions for the old chambers on its web site. We do not find this evidence to constitute an offer to sell the old chambers. First, it appears that the installation instructions were maintained on the web site to aid users who had already purchased the old chambers, rather than to offer to sell the old chambers to new customers, especially in light of the averment by one of Infiltrator's officers that the remaining inventory of the old chambers was scrapped in 2003. Moreover, given this averment, it is implausible that the marketing materials are being used as an offer to sell, either. Second, Cultec conclusorily states that these materials constitute an offer to sell without citing any case law to support its argument. Indeed, Cultec does not even bolster its bare assertion with attorney argument.

In conclusion, because the only allegedly infringing product at issue in the patent infringement aspect of this case is no longer being manufactured, sold, or offered for sale, and will not be in the future, this Court <u>dismisses</u> this appeal of the denial of Cultec's motion for a preliminary injunction because there is no live case or controversy.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT
By: Christi Thom  Date: 4/11/06