UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

---------------------------------------------------:
Infiltrator Systems, Inc. and           :
Stormtech, Incorporated,                :
                                        :
     Plaintiffs,            :     Case No. 3:01CV2188 (AWT)
v.                                      :
                                        :
Cultec, Inc., and .                     :
Robert J. DiTullio,                     :
                                        :
     Defendants.            :
---------------------------------------------------:

# LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Connecticut District Court Local Rule 56(a)(2), Defendants Cultec, Inc. and Robert J. DiTullio submit their concise statement of material facts to which there are genuine issues to be tried, in support of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment Of Non-Infringement.

### Responses To Plaintiffs' Material Facts Not In Dispute

Defendants respond to Plaintiffs' Local Rule 56(a)(1) Statement as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted

5. Admitted

6. Admitted

7. Admitted

8. Admitted.

9. Admitted as to the Old Chambers prior to installation and operation; however, after installation the Old Chambers are interconnected and each Old Chamber has two closed ends by virtue of the presence of an end wall or endplate at the end of every Old Chamber. (Defendants' Appendix In Opposition to Summary Judgment submitted herewith ("App.") at A17-19, A24, A27, A30, A35-37; Declaration of Robert J. DiTullio dated April 28, 2006 ("DiTullio Decl.") ¶¶ 10, 13.)

10. Admitted.

11. Admitted that the Old Chambers are corrugated and are connected together. Denied as to the other allegations. (DiTullio Decl. ¶ 10; App. at A24-31 (Old Chamber brochures); A32-37 (photos)). The reason this statement is denied is because the two chambers are incorrectly identified respectively as a "first" and "second" chamber when they should be identified respectively as a "second" and "first" chamber, creating an incorrect statement of the order in which the chambers are assembled together. As corrected, the statement would read as follows and would be admitted: "Old Chambers are connected together by placing a corrugated rib on the open end of a second Old Chambers over a smaller corrugated rib on the closed end of a first Old Chamber."

12. Denied. (DiTullio Decl. ¶¶ 8, 9, 12-15).

13. Denied as to all statements except for the statements that the first chamber in a row of Old Chambers may include an end plate attached to the open end of the Old Chambers and that the contractor installing Old Chambers can and is instructed to cut a hole in the end

plate. (DiTullio Decl. ¶¶ 13-15; App. at A24-31 (Old Chamber brochures); A32-37 (photos)).

14. Denied as to all statements except for the statement that the first chamber in a row of Old Chambers may include an end plate attached to the open end of the Old Chambers. (DiTullio Decl. ¶ 10; App. at A24-31 (Old Chamber brochures); A32-37 (photos)). The statements are confusing and inaccurate in the same way as Statement No. 11, in which the two chambers are incorrectly identified respectively as a "first" and "second" chamber when they should be identified respectively as a "second" and "first" chamber, creating an incorrect statement of the order in which the chambers are assembled together.

15. Denied. (DiTullio Decl. ¶¶ 8, 12, 15; App. at A24-31 (Old Chamber brochures)).

16. Denied. (DiTullio Decl. ¶¶ 13-15; App. at A24-31 (Old Chamber brochures)).

17. Admitted as to the statement that the Old Chambers do not have lugs, notches, step to support members of vertical support walls. Denied as to the remaining statements. (DiTullio Decl. ¶¶ 10, 11, 13; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)).

18. Denied. (DiTullio Decl. ¶¶ 10, 11; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)).

19. Denied. (DiTullio Decl. ¶¶ 10, 11; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)).

20. Denied. See Response to Statement No. 19.

21. Denied. See Response to Statement No. 19.

22. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

23. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

24. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

25. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

26. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

27. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

28. Denied. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

29. Admitted. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

30. Denied. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

31. Denied. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

32. Admitted that contractors typically cut holes into the end plate to provide an opening to insert an inlet pipe. Denied that neither Infiltrator nor Stormtech do so. However, the

stated facts are irrelevant to this case since the New Chambers are not in issue.

33. Denied. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

34. Denied. However, the stated facts are irrelevant to this case since the New Chambers are not in issue.

35 Denied. The interconnecting of the Old Chambers using the overlapping rib assembly method latches or connects them together. (DiTullio Decl. ¶ 10; App. at A17-19 (photos); A24-31 (Old Chamber brochures); A32-37 (photos)). (In the same way, the interconnecting of the New Chambers using the overlapping rib assembly method latches or connects them together, however, the stated facts about the New Chambers are irrelevant to this case since the New Chambers are not in issue.)

36. Admitted. However, the stated facts are irrelevant to the New Chambers since the New Chambers are not in issue in this case.

## PLAINTIFF'S STATEMENT OF DISPUTED ISSUES OF MATERIAL FACT

1. There is a genuine issue of material fact regarding whether the end walls of the Old Chambers have a hole sized to accommodate a drain pipe. (App. at A14, A15, A20-22 (photos); A26 A29, A29 (Old Chamber brochures); A 32 (photo)).

2. There is a genuine issue of material fact regarding whether Infiltrator instructs and induces contractors to cut holes in the end walls of the Old Chambers sized to accommodate a drain pipe. (DiTullio Decl. ¶¶ 8, 9, 12; App. at A24-31 (Old Chamber brochures)).

3. There is a genuine issue of material fact regarding whether Infiltrator instructs

and induces contractors to cut holes in the endplates of the Old Chambers sized to accommodate a drain pipe. (DiTullio Decl. ¶¶ 13-15; App. at A24-31 (Old Chamber brochures)).

4.  There is a genuine issue of material fact regarding whether Infiltrator has instructed and induced contractors to cut holes in the end walls and/or endplates of the Old Chambers sized to by dissemination of a brochure and manual for the Old 3050 Chambers called "The Infiltrator 3050 Chamber for Massachusetts Septic Applications". (DiTullio Decl. ¶¶ 8-10, 12-15; App. at A26-31 (Old Chamber brochures); A62-84 (Declaration of Chris DiTullio)).

5.  There is a genuine issue of material fact regarding the alleged lack of an opening in the end walls of Infiltrator Old Chambers sized to accept a drainpipe which is required by claim 16 of the DiTullio '151 patent, for two reasons: (a) The Infiltrator Old Chambers include an opening (sometimes referred to as a "mousehole") in the end wall as seen in their brochure and it is of a size that can receive a drain pipe, and contractors have installed Infiltrator Old Chambers with a drainpipe inserted in the mousehole (DiTullio Decl. ¶¶ 8-10, 12; App. at A14, A15, A20-22 (photos); A26 A29, A29 (Old Chamber brochures); A 32 (photo)); and (b) the end walls of the Old Chambers sold by Infiltrator have a concentric group of cut-away zones intended to be cut away by contractors to provide a hole of a selected size and contractors are induced by Infiltrator to cut away the scalloped areas to make a hole for a drainpipe (DiTullio Decl. ¶¶ 9, 10, 12; App. at A21 (photo); A24-31 (Old Chamber brochures); A32 (photo)).

6.  There is a genuine issue of material fact regarding the alleged lack of openings in the end walls of Infiltrator Old Chambers for transporting liquid which is required by

claim 11 of the DiTullio '151 patent, for two reasons: (a) The Infiltrator Old Chambers include an opening (sometimes referred to as a "mousehole") in the end wall as seen in their brochure and it is of a size that can receive a drain pipe, and contractors have installed Infiltrator Old Chambers with a drainpipe inserted in the mousehole (DiTullio Decl. ¶¶ 8-10, 12; App. at A14, A15, A20-22 (photos); A26 A29, A29 (Old Chamber brochures); A 32 (photo)); and (b) the end plates and end walls of the Old Chambers sold by Infiltrator have a concentric group of cut-away zones intended to be cut away by contractors to provide a hole of a selected size and contractors are induced by Infiltrator to cut away the scalloped areas to make a hole for a drainpipe (DiTullio Decl. ¶¶ 9, 10, 12; App. at A21 (photo); A24-31 (Old Chamber brochures); A32 (photo)).

7. There is a genuine issue of material fact regarding whether the end walls of the Old Chambers do not prevent lateral spreading of the Old Chambers. (DiTullio Decl. ¶¶ 10, 11; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)).

8. There is a genuine issue of material fact regarding whether the end plates of the Old Chambers do not prevent lateral spreading of the Old Chambers. (DiTullio Decl. ¶¶ 13-15; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)).

9. There is a genuine issue of material fact regarding the credibility and reliability of Infiltrator's test data that attempts to test how much the end plate or end wall prevents spreading in the Old Chambers. (DiTullio Decl. ¶¶ 10, 11; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733,

A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)).

10. There is a genuine issue of material fact regarding the alleged absence of a "latching engagement system ..[which].. includes said one end wall as means to prevent spreading of adjoining galleries once latched to one another" which is required by claim 16 of the DiTullio '151 patent. (DiTullio Decl. ¶¶ 10, 11, 13; App. at A17-19 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)). Infiltrator concedes that there is an end wall.

11. There is a genuine issue of material fact regarding the alleged absence of a "means to prevent lateral spreading" which is required by claim 11 of the DiTullio '151 patent. (DiTullio Decl. ¶¶ 10, 11, 13; App. at A14-23 (photos); A24-31 (Old Chamber brochures); A32-37 (photos); A1700-1710, A1732-1733, A1745, A1963-1967, A1985-1986, A2015-2024 (hearing transcript)). Infiltrator concedes that there is an end wall and an overlapping rib latching system.

12. There is a genuine issue of material fact regarding Infiltrator's contention that it is not knowingly infringing the DiTullio '151 patent (Memorandum at 16). Infiltrator knew of the DiTullio '151 patent by at least June 1999. (App. at A2025-2028). Infiltrator has refused to disclose any opinions of counsel or other evidence that it believed it could proceed with its marketing of the Old Chambers without infringing the DiTullio '151 patent.

13. There is a genuine issue of material fact about whether a person of ordinary skill would understand claim 11 of the DiTullio '151 patent to require a first chamber with two integral end walls.

14. There is a genuine issue of material fact about whether a person of ordinary

skill would understand claim 11 of the DiTullio '151 patent to require the presence of one or more of lugs and notches and apertures and vertical support walls.

Respectfully submitted,

May 1 2006
Date

_____
Stephen P. McNamara, (ct 01220)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, CT 06905
Telephone (203) 324-6155
Facsimile (203) 327-1096
Email: lit@ssjr.com

Attorneys for Defendants
CULTEC, INC. and ROBERT J. DITULLIO

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

## LOCAL RULE 56(a)(2) STATEMENT

is being served, by First Class Mail, postage prepaid, on the date indicated below, on the following counsel for Plaintiffs by depositing the same with the U.S. Postal Service, in envelopes addressed to:

Michael Rye
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

Date: 5/1/06                    _____